IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

TERRANCE BRADFORD,                                    Civ. No. 6:19-cv-02073-AA

                Plaintiff,                      **OPINION & ORDER**

    v.

DONALD R. SLAYTON,

                Defendants.

_____

AIKEN, District Judge.

      The original Complaint in this case was filed on December 20, 2019.  ECF No. 1.  On June 10, 2020, Defendant filed a motion to dismiss pursuant to Rule 12(b)(5) for failure to timely serve.  ECF No. 5.  On June 24, 2020, Plaintiff filed the operative Amended Complaint.  ECF No. 9.  On July 10, 2020, Defendant filed a renewed Motion to Dismiss pursuant to Rule 12(b)(5).  ECF No. 11.  For the reasons set forth below, the motion is GRANTED and this case is DISMISSED without prejudice.

## LEGAL STANDARD

A defendant may move to dismiss for insufficient service of process.  Fed. R. Civ. P.

12(b)(5).  After an action is commenced, the plaintiff must serve the complaint on the defendant

within 90 days.  Fed. R. Civ. P. 4(m).  Rule 4 provides:

> If a defendant is not served within 90 days after the complaint is filed, the court—
> on motion or on its own motion after notice to plaintiff—must dismiss the action
> without prejudice against that defendant or order that service be made within a
> specified time.  But if the plaintiff shows good cause for the failure, the court
> must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

## DISCUSSION

Plaintiff commenced this action on December 20, 2019.  ECF No. 1.  Defendant was served

with the summons and complaint 158 days later, on May 26, 2020.  ECF No. 10.  Accordingly,

Defendant was not served within 90 days of filing the Complaint, as required by Rule 4(m).

Rule 4(m)'s deadline for service is designed to force parties and their attorneys to be

diligent in prosecuting their cause of action.  *Fimbres v. United States*, 833 F.2d 138, 139 (9th Cir.

1987).  "When a plaintiff fails to serve a defendant within the time limit, the action is subject to

dismissal."  *Senn v. City of Portland*, 3:18-cv-01814-BR, 2019 WL 3577662, at *2 (D. Or. Aug.

6, 2019).

For a plaintiff who does not comply with the service deadline, Rule 4(m) provides two

avenues for relief.  "The first is mandatory: the court must extend time for service upon a showing

of good cause.  The second is discretionary: if good cause is not established, the court may extend

time for service upon a showing of excusable neglect."  *Lemoge v. United States*, 587 F.3d 1188,

1198 (9th Cir. 2009) (citations omitted).

> Good cause to avoid dismissal may be demonstrated by establishing, at a minimum,
> excusable neglect.  In addition to excusable neglect, a plaintiff may be required to

> show the following factors to bring the excuse to the level of good cause: "(a) the party to be served personally received actual notice of the lawsuit; (b) the defendant would suffer no prejudice; and (c) plaintiff would be severely prejudiced if his complaint were dismissed."

*Id.* n.3 (quoting *Boudette v. Barnette*, 923 F.2d 754, 756 (9th Cir. 1991)).

Excusable neglect is an equitable determination based on four factors: "(1) the danger of prejudice to the opposing party; (2) the length of delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith." *Bateman v. U.S. Postal Serv.*, 231 F.3d 1220, 1223-24 (9th Cir. 2000).

In this case, Plaintiff did not serve Defendant until 158 days after the Complaint was filed, well beyond the deadline established in Rule 4(m) and Plaintiff did not file proof of service until July 9, 2020, nearly a month after Defendant filed his original motion to dismiss. ECF No. 10. Plaintiff offers no explanation for the delay. Instead, Plaintiff simply notes that the Court has discretion to dismiss or extend time for service before concluding: "In any case, service was made, so the issue is now moot." Resp. 1. ECF No. 12.

The requirements of Rule 4(m) are not so easily brushed aside. The fact that Defendant was eventually served does not repair the defect. *See Senn*, 2019 WL 3577662, at *2, 4 (finding no good cause or excusable neglect to justify extending the time for service under Rule 4 when the defendants were belated served 178 and 196 days after the filing of the complaint). As noted, Rule 4(m) states that the court "must dismiss the action without prejudice" or direct service be made within a specified time when service is not accomplished in 90 days. The Court also may extend the deadline for service if the plaintiff demonstrates good cause or excusable neglect. In this case, Plaintiff made no attempt to show good cause or excusable neglect. The Court therefore sees no cause for extending the time for service and Defendant's motion is GRANTED.

## CONCLUSION

For the reasons set forth above, Defendant's Motion to Dismiss is GRANTED and this case is DISMISSED without prejudice and all other pending motions are moot.  Final judgment shall be entered accordingly.

It is so ORDERED and DATED this ___9th___ day of April 2021.


 /s/Ann Aiken_____
ANN AIKEN
United States District Judge